NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MIGUEL SANCHEZ-RAMOS, AKA Jose Miguel Gutierrez, AKA Jose Sanchez, AKA Jose Miguel Sanchez, AKA Jose Muguel Santibanez, | No. 16-72517 |
| | Agency No. A200-967-140 |
| Petitioner, | MEMORANDUM[*] |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018[**]

Before:     RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Jose Miguel Sanchez-Ramos, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying cancellation of removal. Our jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the determination that Sanchez-Ramos failed to establish ten years of continuous physical presence for cancellation of removal, where the record includes a signed Form I-826 in Spanish indicating that he accepted administrative voluntary departure in lieu of removal proceedings in 2011. *See* 8 U.S.C. § 1229b(b)(1)(A); *Vasquez-Lopez v. Ashcroft*, 343 F.3d 961, 974 (9th Cir. 2003) (alien's acceptance of administrative voluntary departure interrupts the accrual of continuous physical presence); *Gutierrez v. Mukasey*, 521 F.3d 1114, 1117-18 (9th Cir. 2008) (requiring some evidence that alien was informed of and accepted the terms of the voluntary departure agreement). Sanchez-Ramos' testimony does not compel a contrary conclusion. *Cf. Ibarra-Flores v. Gonzales*, 439 F.3d 614, 619-20 (9th Cir. 2006) (insufficient evidence that alien knowingly and voluntarily accepted voluntary departure where record did not contain the voluntary departure form and alien's testimony suggested that he accepted return due to misrepresentations by immigration authorities).

We lack jurisdiction to review the agency's discretionary denial of voluntary departure, and Sanchez-Ramos' related due process contention is not a colorable claim that invokes our jurisdiction. *See Corro-Barragan v. Holder*, 718 F.3d 1174,

1177 (9th Cir. 2013) (the court's jurisdiction over challenges to the denial of voluntary departure is limited to constitutional claims or questions of law); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) (absent a colorable legal or constitutional claim, the court lacks jurisdiction to review discretionary determinations).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**